**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**LIGNESHKUMAR H. PATEL,**

**Defendant.**

**Case No. 24-CR-30081-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is the Government's Motion to Authorize Payment from Inmate Trust Account. (Doc. 73). Defendant Ligneshkumar H. Patel opposes the motion. (Doc. 74). Being fully advised, the Government's Motion is **GRANTED**.

On December 10, 2025, the Court sentenced Defendant Ligneshkumar H. Patel to a total of 90 months' imprisonment, five years of supervised release, a special assessment of $300.00, and restitution in the amount of $2,231,216.99. (Doc. 69). Patel is presently incarcerated at FC Allenwood Low in Allenwood Pennsylvania.

The Government now seeks an order, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n) authorizing the Bureau of Prisons ("BOP") to turn over to the Clerk of the Court a total of $2,711.61 in non-exempt funds currently held in the inmate trust account of Defendant Ligneshkumar H. Patel, Reg No. 28082-511. (Doc. 73). The Government seeks these funds to be applied as payment toward the criminal monetary penalties imposed in this case. (*Id.*, p. 3).

On August 28, 2026, the Government learned that Patel had a balance of $2,711.61 in his inmate trust account. (*Id.*, p. 2). The Government sent a letter to the Warden of FCI Allenwood Low, and Patel's inmate account was encumbered. (*Id.*). The BOP now has possession, custody, or control of approximately $2,711.61. (*Id.*).

In his opposition, Patel stated that as of September 22, 2026, a total of $233.87 has been collected towards the special assessment, but no payments have been collected toward the restitution. (Doc. 74, p. 1). Patel states that the funds at issue were recovered from the Jefferson County, Illinois Jail. (*Id.*, p. 2). Patel argues that because he lives a "modest 'lifestyle' while incarcerated and does not excessly purchase comminsary items," these funds should be exempt. (*Id.*). Pates requests that only $337.29 of the amount currently being held by the BOP be turned over to pay his criminal monetary penalties. (*Id.*, p. 3).

A criminal sentence that imposes restitution constitutes a "lien in favor of the United States on all property and rights to property of the person fined." 18 U.S.C. § 3613(c). As such, the Government's lien properly attaches to the funds Patel has in his inmate trust account, currently in the BOP's custody. Additionally, despite Patel's arguments, the funds encumbered by the BOP are not exempt from payment of restitution. *See* 18 U.S.C. § 3613(a)(1).

Therefore, for the reasons stated above, the Government's Motion to Authorize Payment from Inmate Trust Account is **GRANTED**. The BOP is **ORDERED** to turn over to the Clerk of Court the amount of $2,711.61. The Clerk of Court shall accept

and deposit from the funds currently held in the trust account for the following inmate:

| | |
|---|---|
| Inmate Name: | Ligneshkumar H. Patel |
| Inmate Number: | 28082-511 |
| Inmate Facility: | FCI Allenwood Low<br>P.O. Box 1500<br>White Deer, PA 17887 |

The Clerk shall apply these funds as payment toward the criminal monetary penalty owed by Patel in this case. Payment shall be made to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201. The Government is **ORDERED** to provide a copy of this Order to the BOP.

**IT IS SO ORDERED.**

**DATED: November 3, 2026.**

**STEPHEN P. McGLYNN**
**U.S. District Judge**